**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DEREK O. FOLLEY, | ) | CASE NO. 1:26-cv-64 |
| | ) | |
| | ) | |
| Petitioner, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | ORDER OF TRANSFER |
| WARDEN JERRY SPATNEY, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

On January 9, 2026, *pro se* petitioner Derek O. Folley filed the above-captioned petition

for a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1 (Petition).) The habeas petition

challenges his 2021 conviction in the Montgomery County Court of Common Pleas on three counts

of unlawful sexual conduct with a minor. (*Id*. at 1.)[1] The state trial court sentenced petitioner to

three consecutive five-year custody terms for an aggregate custody sentence of 15 years, followed

by five years of post-release control. (Doc. No. 1-1 (State Court Judgment), at 1.) Petitioner is

currently serving his sentence in the Grafton Correctional Institution in Grafton, Ohio. (Doc. No.

1, at 1.)

In the present habeas application, petitioner asserts two ground for relief: (1) "double

jeopardy – multiplicitious sentencing", and (2) "impartial jury violation – *Blakely* violation." (Doc.

No. 1, at 5, 7.) Petitioner asks this Court to vacate two of the three counts of unlawful sexual

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system. Further, unless otherwise noted, all record citations refer to the present case.

conduct with a minor as a violation of double jeopardy and then reverse and vacate his conviction on the remaining count. (*Id*. at 15.)

This is not the first petition for a writ of habeas corpus under 28 U.S.C. § 2254 petitioner filed to challenge his 2021 Montgomery County convictions. On December 13, 2021, petitioner filed his first application for relief under § 2254. (*See Folley v. Foley*, No. 1:21-cv-2340 (N.D. Ohio filed Dec. 13, 2021).) In that prior habeas application, petitioner asserted six grounds for relief: (1) speedy trial violations, (2) impartial jury violation, (3) *Brady* violations and denial of due process, (4) double jeopardy – multiplicity indictment violation, (5) compulsory process violation, and (6) miscarriage of justice. (*See Folley*, N.D. Ohio No. 1:21-cv-2340, Doc. No. 1 (Petition).) On March 3, 2022, this Court transferred the petition, pursuant to 28 U.S.C. § 2241(d), to the United States District Court for the Southern District of Ohio. (*See id*., N.D. Ohio No. 1:21-cv-2340, Doc. No. 33 (Order of Transfer).)

Upon receiving the transfer, the Southern District of Ohio assigned the action a new case number. (*See Folley v. Foley*, S.D. Ohio No. 3:22-cv-65, Doc. No. 34 (Order).) On November 7, 2022, the assigned magistrate judge issued an omnibus report and recommendation ("R&R"), recommending that the petition be denied and dismissed with prejudice as procedurally defaulted. (*See id*., S.D. Ohio No. 3:22-cv-65, Doc. No. 203 (R&R).) On November 29, 2022, the district court adopted the R&R and dismissed the petition with prejudice as procedurally defaulted. (*See id*., S.D. Ohio No. 3:22-cv-65, Doc. No. 217 (Entry & Order Overruling Objections to R&R); Doc. No. 218 (Judgment).). Petitioner appealed that decision to the Sixth Circuit Court of Appeals. (*See id*., S.D. Ohio No. 3:22-cv-65, Doc. No. 229 (Notice of Appeal).) On May 25, 2023, the Sixth Circuit denied petitioner's application for a certificate of appealability, finding the grounds

asserted in the petition procedurally defaulted. (*See id.*, S.D. Ohio No. 3:22-cv-65, Doc. No. 265 (Order).).

Now, nearly three years later, petitioner has filed a second petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the same conviction, and asserting two of the same grounds for relief that he raised in his prior petition, specifically "double jeopardy – multiplicitious sentencing" and "impartial jury violation." (Doc. No. 1, at 5, 7.) Before a second or successive habeas application can be filed in the district court, a petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). The district court does not have jurisdiction to entertain a successive habeas petition in the absence of an order from the court of appeals authorizing the filing. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). When a second or successive petition is filed in this Court without § 2244(b)(3) authorization, the Court must transfer the petition to the Sixth Circuit. *See id.*

Not every numerically second habeas petition, however, is subject to these gatekeeping procedures. To be "successive" within the meaning of the statute, the subsequent petition must relate to the same conviction or sentence under attack in the prior petition. *See In re Page*, 179 F.3d 1024, 1025 (7th Cir. 1999) (collecting cases). Even then, not all subsequent petitions relating to the same conviction or sentence are considered successive. *See Slack v. McDaniel*, 529 U.S. 473, 487, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643, 118 S. Ct. 1618, 140 L. Ed. 2d 849 (1998). The later petition is not successive where the first petition was dismissed as premature, *see, e.g., Stewart*, 523 U.S. at 643; was dismissed without prejudice for failure to exhaust state court remedies, *see, e.g., Slack*, 529 U.S. 485–86; or was dismissed because the petitioner failed to either pay the filing fee or provide proper support for his

3

application for pauper status, *see, e.g., Stewart*, 523 U.S. at 645 (citing *Marsh v. United States District Court for the Northern District of California*, No. 94-cv-0581, 1995 WL 23942 (N.D. Cal. Jan. 9, 1995)). In all of those contexts, the district court has jurisdiction to consider the subsequent petitions, without first obtaining authorization from the court of appeals, because the prior dispositions were not "on [the] merits." *See Slack*, 529 U.S. at 485–86.

Conversely, when a prior petition is dismissed "on the merits," the prisoner must obtain authorization from the court of appeals pursuant to § 2244(b)(3) before filing a subsequent federal habeas petition. *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000). These include second petitions filed after the petitioner's first petition was dismissed on the grounds of procedural default or on the grounds that it was barred by the statute of limitations. *See, e.g., id.* (permission required where grounds in first petition were procedurally barred); *Staffney v. Booker*, No. 2:09-cv-14553, 2009 WL 4506425, at *1 (E.D. Mich. Nov. 25, 2009) (permission required where first petition was time-barred).

Before the Court can consider the merits of this petition, it must determine whether it is successive. Petitioner's prior petition challenged the same conviction that is the subject of this petition. Additionally, petitioner asserted the claims in this petition in his prior petition. The prior petition was dismissed on the merits as procedurally defaulted. The Court concludes, therefore, that this is a successive petition. That being the case, this Court is without jurisdiction to entertain this petition, unless authorized to do so by the Sixth Circuit.

4

Accordingly, the Clerk is ORDERED to TRANSFER this habeas petition to the United

States Court of Appeals for the Sixth Circuit for authorization to file a subsequent petition as

required by 28 U.S.C. § 2244(b)(3)(A) pursuant to 28 U.S.C. § 1631.

**IT IS SO ORDERED**.


Dated: January 14, 2026

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**